Michael T. Stewart, Esq.
**CARUSO SMITH EDELL PICINI PC**
A Professional Corporation
60 Route 46 East
Fairfield, New Jersey 07004
(973) 667-6000
(973) 667-1200 (Fax)

T. Michael Davis, Esq.
**SCANDIA-GERMANIA-DAVIS, PLLC**
P.O. Box 9194
St. Paul, MN 55109
(651) 253-3697

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SUNWEAR FASHION, LLC,** | Civil Action No. 12-CIV-2535 (AJN) |
| Plaintiff, | |
| vs. | ORDER FOR PERMANENT INJUNCTION AND JUDGMENT ON CONSENT BY TANU (USA) INC., UNIVERSAL SPORTSWEAR INC., COTTON EXPRESS, INC., VIPAL KAPOOR, SCOTT BOOTH, MASHKOOR HASSAN, and VIJAY DOE |
| **TANU (USA) INC., UNIVERSAL SPORTSWEAR INC., COTTON EXPRESS, INC., VIPAL KAPOOR, SCOTT BOOTH, MASHKOOR HASSAN, and VIJAY DOE,** | |
| Defendants. | |

Plaintiff, Sunwear Fashion, LLC ("Sunwear" or "Plaintiff") having commenced this action (the "Lawsuit"), against, *inter alia*, the Defendants Tanu (USA) Inc. ("Tanu") with a former business address at 1165 Broadway – Suite 307, New York, New York

10004 and now having a present and actual business address of 3937 55th Street, Woodside, NY 11377; Cotton Express, Inc. ("Cotton Express") with a former business address at 1165 Broadway – Suite 307, New York, New York 10004 and now having a present and actual business address of 4301 Pleasantdale Road – Suite E, Doraville, GA 30340, and Universal Sportswear Inc. ("Universal") with a 5317 Buford Hwy NE, Doraville GA 30340 and their respective owners, officers, directors, and/or employees Vipal K. Kapoor ("Kapoor"), an individual residing at 3937 55th Street, Woodside, NY 11377, Mashkoor Hassan ("Hassan") an individual residing at 3263 Bridge Walk Drive, Lawrenceville, GA 30044, and Vijay Bedi, an individual residing at 3549 Wilton Avenue, Doraville, GA 30340 (named in this action as Vijay Doe) ("Doe") (each individually a "Defendant" and collectively "Defendants"), for relief pursuant to Copyright Laws of the United States, 17 U.S.C. 101, *et seq*. ("The Copyright Act of 1976") as well as trademark and unfair competition laws of the United States, 15 U.S.C. §§ 1114(1) and 1125(a), 1125(c), 1052(d), and 1064(1) ("the Lanham Act") and the unfair competition laws of the State of New York for claims sounding in copyright infringement, common law trademark and trade dress infringement, unfair competition, dilution, cancellation of trademark, and state law unfair competition and deceptive trade practices, having been filed for the reason that the Defendants were alleged to have engaged in the design, export, import, production, manufacture, transport, promotion, advertising, marketing, distribution, sale, and offering for sale product marked by allegedly confusingly similar uses and/or imitations ("Prohibited Properties") of Plaintiff's trademarks, trade dress, and copyright protected properties as described and defined in the Complaint in the Lawsuit, in the Confidential Settlement Agreement, and

that otherwise contain any one (1) or more of the following, namely, any advertising, packaging, or other identifying matter: i) containing visual design features comprised of any shade of orange used together with any shade of blue;. ii) one (1) or more stylized suns (or visually similar circular, semi-circular, rounded, partially-rounded, planetary imagery); and/or iii) the words "sun" or "wear" as used individually or together in any configuration (collectively the "Sunwear Properties"); and that the Defendants filed a Counterclaim seeking a declaration that Plaintiff had no rights in and to the term SUNWEAR due to: (1) the presence of multiple United States Trademark Registrations for marks that included SUNWEAR that pre-dated Plaintiff; (2) the ubiquitous usage of "sunwear" in the marketplace as a generic term for clothing in general and T-shirts in particular; and further that the Defendants filed a Counterclaim seeking a declaration that there was no dilution of Plaintiff's alleged mark due to same not being famous, that there was no unfair competition, and that Plaintiff's alleged mark "SUNWEAR" and Defendant's Registered Trademark "SUNWEAR USA" were not confusingly similar with one another; and that the Defendants, with respect to the allegations made in the Complaint and Counterclaims and for the purposes of amicable settlement, having stipulated and consented to the entry of this Consent Decree for a Permanent Injunction as follows,

    IT IS HEREBY ORDERED that

    Defendants Universal, Cotton Express, Tanu as well as their owners, officers, directors, and/or employees Kapoor, Hassan, and Doe, all individually and collectively here, and, as may be applicable, each of their respective parents, subsidiaries, divisions, predecessors, partners, owners, representatives, stockholders, agents, officers, directors,

servants, employees, clerks, receptionists, attendants, affiliates, successors and assigns, and all other persons and/or entities acting in concert and/or conjunction with them, are permanently, whether by act or omission, enjoined and restrained from:

1. Selling, duplicating, assembling, producing, distributing, offering for sale or distribution, circulating, importing, exporting, advertising or marketing, promoting, displaying, transferring, and/or moving any product, packaging, or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the Sunwear trademarks, trade dress, copyrights, and/or other intellectual property rights comprising the Sunwear Properties in any manner whatsoever, including but not limited to those properties as identified collectively in **EXHIBIT A** attached hereto;

2. Selling, duplicating, assembling, producing, distributing, offering for sale or distribution, circulating, importing, exporting, advertising or marketing, promoting, displaying, transferring and/or moving any product, packaging, or thing counterfeiting Sunwear in any manner whatsoever;

3. Selling, duplicating, assembling, producing, distributing, offering for sale or distribution, circulating, importing, exporting, advertising or marketing, promoting, displaying, transferring and/or moving any product, packaging, or thing bearing one (1) or more of the following, namely any packaging or identifying matter: i) containing visual design features comprised of any shade of orange used together with any shade of blue;. ii) one (1) or more stylized suns (or visually similar circular, semi-circular, rounded, partially-rounded, planetary imagery); and/or iii) the words "sun" or "wear" as used individually or together in any configuration, provided however that defendants are not otherwise prohibited from using the word "wear";

4. Misusing, imitating, copying, making or infringing any of the Sunwear Properties in any manner whatsoever;

5. Using any simulation, counterfeit, reproduction, copy or colorable imitation of the Sunwear Properties in connection with the manufacture, duplication, assembly, production, distribution, offer for distribution, sale, offer for sale, circulation, advertisement, import, export, marketing, promotion, printing, display, transfer and/or movement of any merchandise, product, or thing not authorized or licensed by Plaintiff, Sunwear;

6. Selling, duplicating, assembling, producing, distributing, offering for sale or distribution, circulating, importing, exporting, advertising or marketing, promoting, displaying, transferring and/or moving any product or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any 'look alike" items resembling the Sunwear Properties in any manner whatsoever, including but not limited to the Prohibited Properties and/or any other items bearing patterns exhibited in the attached **EXHIBIT B**;

7. Engaging in any other activity constituting an infringement of the Sunwear Properties or any of Sunwear's respective rights in, or right to use or to exploit, their respective Sunwear Properties, or constituting any dilution of Sunwear's name, reputation, or goodwill;

8. Engaging in any other acts, conduct, or omissions which would cause consumers, wholesalers, retailers, or any other purchasers to erroneously believe that Defendant has any right, title, or ownership interest in the Sunwear Properties or that

Defendants' products or business activities are somehow sponsored by, authorized by, licensed by, or in any other way affiliated or associated with SUNWEAR;

9. Applying for or registering, whether directly or indirectly via any third-parties, any trademark, service mark, trade dress, design, or copyright in any jurisdiction which include, contain, refer to, or bear any confusingly or substantially similar resemblance to, in whole or in part, any one or more of the Sunwear Properties;

10. Applying for, registering, parking, purchasing, or selling, whether directly or indirectly via any third-parties, any domain names, websites, blogs, social media portals, Internet metatags, or key words in any jurisdiction which include, contain, refer to, or bear any confusingly or substantially similar resemblance to, in whole or in part, any one or more of the Sunwear Properties; and it is further

ORDERED, that the Defendants are hereby compelled to do the following:

11. For so long as each Defendants engage, whether directly or indirectly, in the clothing and garment industry, Defendants shall at all real or business properties under their ownership or control remove any and all existing signage and advertising and refuse to permit in the future any installation and/or affixation of any new signage or advertising that exhibits or markets, promotes, displays, works to transfer and/or move any product, thing, or symbol bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any Sunwear Properties in any manner whatsoever, including but not limited to signage such as that shown in **EXHIBIT C** hereto;

12. Subsequent to the execution of this Permanent Injunction and within ten (10) calendar days following the end of the Permitted Sell-Off Period, as defined in the Confidential Settlement Agreement between the parties, Defendants shall disclose to

their counsel of record in writing the following information and shall produce copies of the best available documentary evidence establishing such information:

    a. The full lot numbers and all exact quantities of all remaining Prohibited Product existing, as defined in the Confidential Settlement Agreement, or any other lot numbers that contain similar designs, namely, all such product that Defendants intend to be eligible for sale during the Permitted Sell-Off Period as set forth in said Confidential Settlement Agreement;

    b. The names and address of all purchasers of the Prohibited Product together with the amount(s), date(s) and type(s) of Prohibited Product purchased.

13. Upon noticing or becoming aware of any sale, duplication, assembly, production, distribution, offering for sale or distribution, circulation, importation, exportation, advertising or marketing, promotion, display, storage, transfer, and/or moving of any product, packaging, or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the Sunwear trademarks, trade dress, copyrights, and/or other intellectual property rights comprising the Sunwear Properties existing or visible at any of the real or business properties under the ownership or control of the Defendants, any Defendant noticing this situation said Defendant shall have seven (7) business days (Time Being of the Essence) the date so first observed within which to advise in writing via certified mail both Plaintiffs' and Defendants' respective counsel of the specific steps that Defendant has taken and will take in the future to bring to an end and permanently cure the situation and to reprimand or dismiss those responsible for the illicit activity, as applicable;

14. For so long as each Defendants engage, whether directly or indirectly, in the clothing and garment industry, each Defendant shall at any and all real or business properties under their ownership or control prohibit any of subtenants, the control over whom is acknowledged by any Defendant, if any, from selling, duplicating, assembling, producing, distributing, offering for sale or distribution, circulating, importing, exporting, advertising or marketing, promoting, displaying, transferring and/or moving any product, packaging, or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the Sunwear trademarks, trade dress, copyrights, and/or other intellectual property rights comprising the Sunwear Properties, in the manners detailed in Paragraphs 1 through 10 above, for as long as they maintain an oral or written lease with a current or future subtenant for as long as any Defendant occupies such properties; and it is further

ORDERED, that Tanu (USA) Inc. represents and warrants that Vipal K. Kapoor is the owner of said company; that Vipal Kapoor, Mashkoor Hassan and Vijay Bedi are the officers of said company with Vipal Kapoor being its president; that Mashkoor Hassan and Vijay Bedi are the directors of said company; and that Vipal Kapoor has the authority to enter into this Consent Decree and Permanent injunction on behalf of Tanu (USA) Inc.; and it is further

ORDERED, that Cotton Express, Inc. represents and warrants that Vijay Bedi is the owner of said company; that Vipal Kapoor and Vijay Bedi the officers of said company with Vijay Bedi being its president; that Vipal Kapoor is the director of said company; and that Vipal Kapoor has the authority to enter into this Consent Decree and Permanent injunction on behalf of Cotton Express, Inc.; and it is further

ORDERED, that Universal Sportswear Inc. represents and warrants that Vipal Kapoor is the owner of said company; that Vipal Kapoor and Mashoor Hassan are the officers of said company with Vipal Kapoor being its president; that Mashkoor Hassan is the director of said company; and that Vipal Kapoor has the authority to enter into this Consent Decree and Permanent injunction on behalf of Universal Sportswear Inc.; and it is further

ORDERED, that Vipal K. Kapoor is a permanent resident of the State of New York and has the personal capacity and authority to enter into this Consent Decree and Permanent injunction; and it is further

ORDERED, that Mashkoor Hassan is a permanent resident of the State of Georgia and has the personal capacity and authority to enter into this Consent Decree and Permanent injunction; and it is further

ORDERED, that Vijay Bedi is a permanent resident of the State of Georgia and has the personal capacity and authority to enter into this Consent Decree and Permanent injunction; and it is further

ORDERED, that contingent upon (i) full compliance with the terms and provisions of this Consent Decree; (ii) full and final execution of the Confidential Settlement Agreement between the parties hereto; and (iv) confirmation in writing to Plaintiff's counsel of record in this action that all actions required have promptly and timely occurred, Plaintiff shall file a discontinuance with prejudice of this Lawsuit as against the Defendants; and it is further

ORDERED, that upon the consent of each Defendant, the Summons and Complaint in the Lawsuit and the pleadings and proceedings in the Lawsuit are hereby

deemed amended to replace "Vijay DOE" with "Vijay Bedi" in the form of the caption annexed as **EXHIBIT D**, and the Clerk of the Court is hereby directed to amend the caption in accordance with **EXHIBIT D**; and it is further

ORDERED, that this Court has jurisdiction over the Defendants and the subject matter of the action, and shall retain jurisdiction to the extent necessary to enforce the terms and to determine any issues that may arise under this Consent Decree or the parties' Confidential Settlement Agreement; and it is further

ORDERED, that this Consent Decree shall be filed with the Court; and it is further

ORDERED, that the Defendants hereby acknowledge receipt of this Consent Decree, and no further service shall be necessary.

SO ORDERED.

Dated: January \_\_\_\_, 2013            _____
                                        Honorable Alison J. Nathan,
                                        United States District Judge